**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2860
_____

FENG JU ZHANG,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A074-853-532)
Immigration Judge: Henry S. Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 13, 2013

Before: SCIRICA, VANASKIE and COWEN, Circuit Judges

(Opinion filed: March 7, 2013)
_____

OPINION
_____

PER CURIAM

Feng Ju Zhang ("Zhang") petitions for review of the Board of Immigration

Appeals' final order of removal. For the reasons that follow, we will deny the petition for

review.

Zhang, a native and citizen of China, entered the United States in September,

1997. He is removable under Immigration & Nationality Act ("INA") § 212(a)(6)(A)(i),

8 U.S.C. § 1182(a)(6)(A)(i), as an alien present without being admitted or paroled. He applied for asylum, statutory withholding of removal, and protection under the Convention Against Torture, and a hearing was scheduled. When he failed to appear, an order of removal was entered *in absentia* on January 15, 1999.

On November 15, 2004, Zhang, through new counsel, Jim Li, Esquire, filed a motion to reopen removal proceedings in Immigration Court to apply for asylum. Zhang claimed that he did not receive notice of his hearing due to the ineffective assistance of his former counsel. In a supporting affidavit, Zhang noted that he learned through a friend of the existence of the order of removal "sometime in 1999." A.R. 108. The Immigration Judge denied the motion to reopen. The IJ concluded that the motion was untimely by several years. Motions to reopen *in absentia* orders due to exceptional circumstances, and ineffective assistance of counsel may constitute an exceptional circumstance, may be filed within 180 days of the order under INA § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(C)(i), but Zhang's motion was filed well past that deadline. In the alternative, the IJ concluded that Zhang failed to provide prima facie evidence that he was entitled to the relief sought, citing Guo v. Ashcroft, 386 F.3d 556, 563-64 (3d Cir. 2004). Zhang's motion to reopen did not include an application for relief, or any affidavits or other evidentiary material. Last, the IJ concluded that Zhang failed to provide prima facie evidence of changed country conditions sufficient to excuse the 90-day time limit for filing motions to reopen under 8 C.F.R. § 1003.23(b)(1).

On August 18, 2005, the Board of Immigration Appeals affirmed without opinion pursuant to 8 C.F.R. § 1003.1(e)(4). Zhang petitioned for review in this Court. Pursuant to a joint motion, the matter was remanded to the Board in order for it to consider

2

whether Zhang was entitled to equitable tolling of the 180-day deadline of 8 U.S.C. § 1229a(b)(5)(C)(i).

On September 25, 2007, the Board considered the equitable tolling question under Mahmoud v. Gonzales, 427 F.3d 248, 252-53 (3d Cir. 2005), and Borges v. Gonzales, 402 F.3d 398, 407 (3d Cir. 2005), and determined that the 180-day deadline should not be tolled. The Board noted that Zhang argued that his original attorney, Jules E. Coven, Esquire, failed to inform him of the January 15, 1999 hearing date, that he also was not personally informed of his hearing date in court through an interpreter, and that, when he found out about the removal order sometime in 1999, Coven had moved offices. Then, in April, 2001, he was seriously injured. He subsequently underwent numerous surgeries to repair his hand, which affected his memory and spiritual well-being.

In considering these equitable arguments and accepting Zhang's version of the facts as true, the Board found that Zhang was personally served with the Notice To Appear on September 30, 1997. The hearing notice dated July 14, 1998 indicated that Zhang was provided written and oral notice of the January 15, 1999 hearing date. By his own admission, Zhang learned of the order of removal no later than December 31, 1999. The Board then reviewed the holdings in Borges and Mahmoud, and noted in particular Mahmoud's holding that an alien must show that he acted with due diligence by taking steps to pursue his immigration case. The Board then determined that Zhang did not establish due diligence. Zhang admitted that he learned of the removal order sometime in 1999, and yet he did not file his motion to reopen until November, 2004. The Board credited Zhang's claims concerning his medically-related memory loss beginning in April, 2001, but concluded that these assertions failed to account for the period from late

3

1999 to April, 2001, a period of at least 15 months. On June 5, 2012, the Board, pursuant to 8 C.F.R. § 1003.2(a), reissued its September 25, 2007 decision because Zhang had not received notice of it.

Zhang has timely petitioned for review. We have jurisdiction under 8 U.S.C. § 1252(a)(1), (b)(1). In his brief on appeal, Zhang argues that the Board abused its discretion in rejecting his equitable tolling argument based on ineffective assistance of counsel. To excuse his delay in filing his motion to reopen, he argues that original counsel failed to advise him of the removal order and was thus ineffective in violation of his right to due process. In determining the case, Zhang argues, the Board "failed to consider the overall facts of this case, and instead focused on the gap it discovered." See Petitioner's Brief, at 9. "Any fixed time limit is irrational because [he] would have needed to seek new counsel to reopen his case, which was marred by his inability to communicate in English, the fact that Mr. Coven's firm did not retain a copy of his file, and his injury." Id. Zhang further argues that his attorney on remand to the Board, Jeffrey Bloom, Esquire, failed to file a brief and was thus ineffective. See id. at 3-4, 9.

We will deny the petition for review. We review the denial of a motion to reopen for an abuse of discretion. Immigration & Naturalization Serv. v. Doherty, 502 U.S. 314, 323 (1992). Under the deferential abuse of discretion standard, we will not overturn the Board's decision unless it is arbitrary, irrational, or contrary to the law. See Guo v. Ashcroft, 386 F. 3d 556, 562 (3d Cir. 2004). We uphold the Board's factual determinations underlying the denial of the motion to reopen if they are "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'"

4

<u>Zheng v. Att'y Gen. of U.S.</u>, 549 F.3d 260, 266 (3d Cir. 2008) (quoting <u>Immigration & Naturalization Serv. v. Elias-Zacarias</u>, 502 U.S. 478, 481 (1992)).

The Board did not abuse its discretion in determining that Zhang's motion to reopen was untimely filed and that equitable tolling was not warranted. An alien in removal proceedings shall be ordered removed *in absentia* if he fails to appear at a scheduled hearing after having been properly provided written notice of the time and place of that hearing, and the agency establishes by clear, unequivocal, and convincing evidence that the notice was provided and that the alien is removable as charged. 8 U.S.C. § 1229a(b)(5)(A). <u>See</u> <u>also</u> 8 C.F.R. § 1003.26(c). An order of removal entered *in absentia* may be rescinded only:

> (i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (e)(1) of this section), or (ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title or the alien demonstrates that the alien was in Federal or State custody and the failure to appear was through no fault of the alien.

8 U.S.C. § 1229a(b)(5)(C).

With respect to subparagraph (b)(5)(C)(i), Zhang's motion to reopen plainly was not timely filed within 180 days of the *in absentia* order. The administrative record shows that an order of removal *in absentia* issued on January 15, 1999 when Zhang failed to appear. Zhang had 180 days from this date in which to file his motion, and his filing in November, 2004 was well beyond the deadline. Under <u>Borges</u> and <u>Mahmoud</u>, attorney conduct can provide a basis for equitable tolling of the 180-day deadline, but failure to exercise due diligence in asserting ineffective assistance of counsel undermines any claim for equitable tolling. "Equitable tolling is an extraordinary remedy which should be

5

extended only sparingly."  Mahmoud, 427 F.3d at 253 (quoting Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005)).

Zhang has argued that it was arbitrary for the Board to focus its due diligence analysis on the gap from December 31, 1999 to April, 2001.  But the November, 2004 motion to reopen, and the affidavit Zhang submitted in support of it, substantially support the Board's conclusion that Zhang had no explanation for his failure to pursue his case from the time he discovered the removal order in 1999 until his injury in April, 2001. Accordingly, even though his medical injuries were significant, and even assuming that he may have accounted for the time between April, 2001 and the actual filing of the motion to reopen, he failed to explain why he did nothing between late 1999 and April, 2001, a period of 15 months.  The Board did not act arbitrarily in considering the inactivity from December 31, 1999 to April, 2001 as it reflected on whether Zhang had exercised diligence.  "Due diligence must be exercised over the entire period for which tolling is desired."  Alzaarir v. Att'y Gen. of U.S., 639 F.3d 86, 90 (3d Cir. 2011) (citing Rashid v. Mukasey, 533 F.3d 127, 132 (2d Cir. 2008)).  "This includes both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed."  Id.  Indeed, the period of inactivity could have been many months longer had the Board not given Zhang the benefit of the doubt in accounting for the months between January 15, 1999 and December 31, 1999.  Zhang argues that his attorney moved offices, but he did not state

what he did during those 15 months to find another attorney, or even assert that he took any action to find another attorney during this time period.[1]

Zhang's remaining argument appears to be that his counsel on remand to the Board, Jeffrey Bloom, neglected to file a new brief after being given the opportunity to do so, and he appears to suggest that the Board dismissed his appeal without reaching the merits of the equitable tolling issue because no new brief was filed. See Petitioner's Brief, at 4. The record, however, reflects that, although no new brief was filed (the Department of Homeland Security also did not file a new brief), the Board considered Zhang's appellate brief filed on February 23, 2005, and then dismissed the appeal based on a merits determination of the equitable tolling issue. Zhang has failed to show that there is a reasonable likelihood that the result on remand would have been different had an additional brief been filed on his behalf. See Fadiga v. Att'y Gen. of U.S., 488 F.3d 142, 159 (3d Cir. 2007).

Because the Board did not abuse its discretion in determining that Zhang's motion to reopen was untimely filed and that equitable tolling was unwarranted, see Mahmoud, 427 F.3d at 253, we need not consider his argument that he is prima facie eligible for asylum, statutory withholding of removal and protection under the Convention Against Torture, see Petitioner's Brief, at 12-14.

For the foregoing reasons, we will deny the petition for review.

_____

[1] With respect to subparagraph (b)(5)(C)(ii), there is no deadline for filing the motion to reopen if the alien did not receive the notice, but, under 8 U.S.C. § 1229a(b)(5)(a), notice may be "provided to the alien or the alien's counsel of record." Zhang does not contend that notice of the hearing was not provided to counsel of record, and, in any event, the record establishes that the July 14, 1998 notice of the January 15, 1999 hearing was personally served on the law firm of Lebenkoff & Coven on Fifth Avenue in New York City, A.R. 160-61.